[Civ. No. 1767.   Second Appellate District.—November 17, 1915.]

## B. K. STROUD, Appellant, v. H. W. FAIRBANKS, Respondent.

PARTNERSHIP—PURCHASE AND SALE OF OIL LANDS—NATURE OF TRANS-
ACTION—CONFLICT OF EVIDENCE—FINDINGS CONCLUSIVE.—In this
action to recover profits alleged to have accrued on account of a
joint enterprise entered into between appellant and respondent
with respect to the purchase and sale of certain oil-producing lands,
it is held that the record presents a state of conflicting evidence
as to the nature of the agreement between the parties upon which
the findings against the claim of appellant of a partnership are
conclusive.

APPEAL from a judgment of the Superior Court of Kern
County, and from an order denying a new trial.   John G.
Covert, Judge presiding.

The facts are stated in the opinion of the court.

E. L. Foster, and Frank H. Short, for Appellant.

George E. Whitaker, and Kemp, Mitchell & Silberberg, for
Respondent.

JAMES, J.—This case is brought into this court on an
appeal taken by the plaintiff from an adverse judgment and
also from an order denying his motion for a new trial.

Appellant brought this action to recover profits alleged to
have accrued on account of a joint enterprise entered into
between himself and the respondent with respect to the pur-
chase and sale of certain oil-producing lands in the county of
Kern.   We are asked only to consider one point, to wit: As
to whether the evidence sustains the findings made by the
trial judge.   A careful examination of the testimony as it
is set out in the bill of exceptions leads us to the conclusion
that as to the main issues in controversy there was testimony
before the court from which the conclusions of fact as set
forth in the findings might naturally and legally follow.
From this testimony it appears that in the year 1908 appel-
lant was employed by the Fairbanks Oil Company, which was
operating in Kern County, as superintendent of its field

plant; that respondent was connected with that corporation; that upon the occasion of a visit made by respondent to the oil fields respondent and appellant made a short trip for the purpose of viewing certain undeveloped land lying in that neighborhood of which a certain section 14 was a part; that as to the north half of this section 14 some conversation took place between the two; that this ground was held by several individuals under placer locations; that appellant and respondent had some talk with one McReynolds, who represented himself and other of the locators on section 14. Following this a contract was made by respondent and McReynolds which provided for the acquiring by respondent of a certain interest in the north half of section 14 upon consideration that Fairbanks should develop the property within a certain period of time in that contract mentioned. The terms of this agreement were not complied with on the part of respondent, and shortly after default had been made of some of the conditions therein set forth, respondent and associates other than appellant entered into a contract with McReynolds and others whereby a large body of land, including several sections and including the north half of section 14, which was the subject of the first contract, was provided to be taken over by respondent and his associates and developed. Later the contract rights so acquired were negotiated to other interests and respondent received a considerable sum of money in exchange for his interest. It was the claim of appellant that respondent and he held a partnership interest as to the rights acquired by the first contract affecting the north half of section 14, and that when the sale was made of the total interests involved in the second contract some accounting should have been made to him for his interest in the first contract. Respondent denied positively that there was any partnership interest agreed to be given to the appellant under the first agreement; his statement as shown in his testimony was that the understanding expressed between himself and appellant was that if a corporation could be organized to handle the placer rights on the north half of section 14, and if the appellant would assist in the forming thereof, that he (respondent) would see that appellant was given employment as superintendent of the proposed company and receive some shares of stock therein as additional compensation. So it first appears that there was a conflict in the

testimony as to what the agreement between the parties really amounted to. The further fact appears without dispute that appellant did nothing at all in the direction of assisting in the organization of a company to promote and develop the north half of section 14. It is also clear that the rights of respondent in the first contract made with McReynolds had become subject to forfeiture at the time the second contract was made which included many times the acreage of ground described in the first contract. McReynolds testified as to the termination of the first contract as follows: ''After the contract was signed Dr. Fairbanks arranged for some material and, as I recollect it, arranged to have it hauled to the ground, and about the 15th of December advised me that he was unable to go ahead with the contract; unable to fulfill its terms. Nothing was done after that; no other development or work was done under the conditions and terms of that contract. Dr. Fairbanks and I agreed that the contract was at an end. This contract of November 30th was not performed.'' Appellant admits that there was testimony in contradiction of his own as to the principal circumstances relied upon as tending to establish his case. He claims, however, that certain letters written by respondent constitute admissions conclusive in their nature against the respondent and which statements were not refuted. In view of the testimony introduced on behalf of the respondent and denial of the principal occurrences as testified to by appellant, we do not think that the letters constitute admissions conclusive in their nature as to appellant being possessed of any legal claim for the compensation asserted by his complaint. Without reciting in detail the contents of these letters, it is enough to say that such contents may properly be resolved in accordance with the oral testimony of the respondent and against the contention of appellant. In one of the letters respondent refers to arranging to give the appellant something on account of that first contract, but expresses it as being such ''an amount which might be held as morally due you for your interest.'' Resolving the case briefly, the record presents a state of conflicting evidence upon which the findings of fact as made by the trial court cannot be questioned on appeal.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.